Filed 6/13/24  P. v. Lewis CA2/5
Reposting correct version

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, <br><br>     Plaintiff and Respondent, <br><br> v. <br><br> TEDDY LEWIS, <br><br>     Defendant and Appellant. | B335016 <br><br> (Los Angeles County <br> Super. Ct. No. SA030632) |

APPEAL from an order of the Superior Court of Los Angeles County, William L. Sadler, Judge.  Affirmed.

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant Teddy Lewis appeals from the trial court's order denying his petition for resentencing under Penal Code section 1172.6 (former section 1170.95).[1] Defendant's appointed counsel found no arguable issues and filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and defendant filed a supplemental brief. Finding no merit to defendant's argument, we affirm.

In 1997, defendant was convicted of one count of attempted murder (§§ 664, 187, subd. (a)) following a no contest plea. He was sentenced to life imprisonment, with an additional three years for a firearm enhancement.[2] (§ 12022.5.)

Twenty-five years later, defendant filed his petition for resentencing in pro. per. The trial court appointed counsel. The prosecution conceded defendant had established a prima facie case for resentencing under section 1172.6, and the matter proceeded to an evidentiary hearing.

At the hearing, the prosecution relied on the transcript from defendant's 2003 initial parole hearing. Over defendant's objection, the trial court found the transcript admissible, under *People v. Mitchell* (2022) 81 Cal.App.5th 575. At the parole hearing, defendant was sworn. The Presiding Commissioner set forth the facts of the crime, and asked defendant if he had committed the crime; defendant agreed. The facts were as follows: Defendant and a co-defendant robbed a business at

---

[1] All undesignated statutory references are to the Penal Code.

[2] Our record of the proceedings in 1997 is minimal. It appears, however, that the life term was imposed because defendant's victim was a law enforcement officer. (§ 664, subd. (e).)

gunpoint. They fled from the scene in a Chevy van; defendant was driving. A CHP officer gave chase, with the lights and siren on his motorcycle activated. Eventually, defendant stopped the van. His co-defendant exited the van and ran away. Defendant put the van in reverse and backed up, at a high rate of speed, into the officer's motorcycle, while the officer was still on it, pushing the motorcycle backward. The officer drew his gun and fired several times at defendant, striking him. Defendant exited the vehicle and ran; the officer followed on foot. Defendant raised his arm and fired four rounds at the officer, but did not hit him. Defendant tried to hide, but eventually surrendered.

At his parole hearing, defendant was further questioned as to the facts of his offense. When asked if there was a reason he had tried to run the officer down, he responded, "Well, I don't really make excuses. There's no excuse. I was in a desperate situation and I just had a desperate action that followed." The Presiding Commissioner responded, "You ran away and shot at him." Defendant said, "Just trying to get away." He added, "I wasn't really comprehending what was going on."

Defendant chose to testify at the section 1172.6 resentencing hearing. He testified that the officer had shot him, and continued to shoot at him while he was running. When specifically asked if he shot back, he said, "Yes." Defendant denied having any intent to kill the officer; he was simply scared, trying to get away, and shot "impulsive[ly]." In cross-examination, defendant began to minimize his culpability, denying facts he had admitted in his parole hearing. He denied knowing the officer was behind the van when he backed it up; he claimed he had driven into a dead end and had thought he lost the officer. He only realized the motorcycle was still behind him

3

when he felt the impact. In redirect, defendant confirmed that, while he denied any intent to kill, he was not denying that he fired at the officer. Moments later, in recross, defendant modified his testimony further; he had not, in fact, tried to shoot at the officer. Instead, he shot, over his shoulder "in the direction of the officer." He knew the officer was behind a building, and did not look or aim when he shot. He was simply shooting to scare the officer.

The court concluded, beyond a reasonable doubt, that defendant was guilty of attempted murder. He was the actual shooter and acted with intent to kill, which the court inferred from the shooting itself, as well as the earlier attempt to run over the officer. The court expressly found that defendant's testimony lacked credibility.

Given this conclusion, the resentencing petition was denied. Defendant filed a timely notice of appeal.

Defendant's appointed counsel filed a brief pursuant to *Delgadillo, supra,* 14 Cal.5th at pp. 231-232, raising no issues, but suggesting we consider independently reviewing the record. Defendant filed a supplemental brief.[3]

---

[3] Defendant's supplemental brief took the form of a petition for writ of habeas corpus, which challenged both the denial of resentencing and defendant's initial 1997 conviction. By order of May 13, 2024, defendant's writ petition was considered a supplemental brief in the current case, and the writ matter was deemed non-operative. We address defendant's argument directed toward the denial of his resentencing petition below. As to his arguments directed toward his initial conviction, he is procedurally defaulted from raising these issues, due to his inadequately explained delay in seeking relief. (*In re Clark* (1993) 5 Cal.4th 750, 783.)

4

We decline to conduct an independent review of the record as counsel requested, and limit ourselves to consideration of the issue defendant raises in his supplemental brief. Defendant argues there was insufficient evidence he possessed the intent to kill.

At the outset, defendant's admission that he was the shooter (and the driver) is sufficient to establish that he is not eligible for resentencing under section 1172.6, and his conviction is valid under current law. (See *People v. Fisher* (2023) 95 Cal.App.5th 1022, 1029 [defendant's admission at the plea colloquy that he was the actual shooter justifies denying the 1172.6 motion at the prima facie stage].)

Nonetheless, we address defendant's argument that there was insufficient evidence of his intent to kill. While the trial court must find defendant guilty beyond a reasonable doubt, our standard of review is sufficiency of the evidence. (*People v. Mitchell, supra,* 81 Cal.App.5th at p. 590.) We view the facts in the light most favorable to the prosecution and presume in favor of the judgment the existence of every fact that can reasonably be deduced from the evidence. (*Ibid.*)

Here, substantial evidence supports the court's finding of intent to kill. Defendant, having been chased and ultimately cornered by the CHP officer, first tried to run him over with the van. Thereafter, while trying to flee, he shot at the officer repeatedly. Defendant's actions demonstrate his intent to kill the officer. The court's rejection of defendant's testimony to the contrary is well-supported, especially since defendant contradicted his prior admissions at his parole hearing and at the

5

resentencing hearing itself.  The resentencing petition was properly denied.

## DISPOSITION

The order denying defendant's resentencing petition is affirmed.


LEE, J.*


WE CONCUR:


BAKER, Acting P. J.          MOOR, J.

---

*      Judge of the San Bernardino County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.